UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Civil No. 06-CV-0950-L |
| | ) | Criminal No. 02-CR-1649-L |
| Plaintiff-Respondent, | ) | |
| | ) | **ORDER DISMISSING** |
| v. | ) | **PETITIONER'S MOTION UNDER** |
| | ) | **28 U.S.C. § 2255** |
| JOSE RAMIRO BECERRA, | ) | |
| | ) | **[28 U.S.C. § 2255]** |
| Defendant-Petitioner. | ) | |
| | ) | |

On April 26, 2006, petitioner, proceeding *pro se*, filed a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody following his guilty plea and sentencing in Criminal Case No. 02-CR-1649-L. Defendant was represented by counsel throughout his criminal case.

On May 24, 2002, a complaint against defendant was filed alleging defendant knowingly and intentionally imported approximately 85.94 kilograms (189.07 pounds) of marijuana, a Schedule 1 Controlled substance into the United States in violation of 21 U.S.C. §§ 952 and 960. On June 25, 2002, defendant appeared before the magistrate judge and entered a guilty plea to the charge in the Complaint. The magistrate judge recommended that the district court judge accept the plea. [doc. #9]. On February 10, 2003, the Court accepted defendant plea of guilty and sentenced defendant to 15 months in custody to be followed by three years of supervised release. Defendant did not file a direct appeal.

Defendant failed to self-surrender. As a result, a bench warrant was issued for defendant's arrest. Becerra was subsequently indicted for bail jump in violation of 18 U.S.C. § 3146. On December 12, 2005, defendant was arrested in Texas and transported to the Southern District of California. Defendant pled guilty to one count of bail jumping on March 13, 2006. On May 8, 2006, defendant was sentenced in criminal case no. 03-CR-1998-L, to 12 month for the bail jump. The sentence was to run consecutive to the 15-month sentence entered in the present case.

Defendant attacks his sentence contending that his sentence must be vacated because of *United States v. Booker*, 125 S. Ct. 738 (2005) which held the federal sentencing guidelines must be advisory rather than mandatory. In order to determine that defendant's position is applicable, *Booker* must apply retroactively. It does not.

The government argues that the § 2255 motion must be dismissed because defendant waived his right to collaterally attack his sentence and *Booker* is not applicable in the present case.

### Waiver of Right to Appeal or Collaterally Attack Sentence

The government contends defendant has waived his right to collaterally attack his sentence because of the written plea agreement. The plea agreement provides:

> In exchange for the United States' concessions in this plea agreement, Defendant waives to the full extent of the law, any right to appeal or **to collaterally attack** the conviction and sentence, including any restitution order, unless the Court imposes a sentence in excess of the high end of the guideline range based on an adjusted level of 11[1]. . . .

(Plea Agreement at 9 [doc. #14]).

The Court has independently reviewed the record which indicates that the plea agreement, including the waiver of the right to appeal, was entered knowingly and voluntarily, *see United States v. Aguilar-Muniz,* 156 F.3d 974, 976 (9th Cir. 1998) (waiver of right to appeal is valid if knowing and voluntary). The Court also finds that petitioner's motion raises no challenge to the

---

[1] The sentence imposed was consistent with the plea agreement's stipulations regarding the sentencing guidelines. Moreover, defendant did not contest the allegations that he violated supervised release.

validity of the waiver; therefore, the Court lacks jurisdiction to consider any collateral challenge to his sentence. *See Washington v. Lampert*, 422 F.3d 864, 869 (9th Cir. 2005)(recognizing that if sentencing agreement's waiver for the right to file a federal habeas petition is valid, district court lacks jurisdiction to hear the case).

### Retroactivity of *Booker*

In *Booker,* the Court explicitly changed both the sentencing statutes and Sentencing Guidelines. *United States v. Booker*, 543 U.S. 220 (2005). The Court modified the federal sentencing statute by severing and excising 18 U.S.C. § 3553(b)(1), "the provision of the federal sentencing statute that makes the Guidelines mandatory." *Id.*, at 245.

There is no doubt that the Supreme Court's decision in Booker "marked a major transformation in the law of federal criminal sentencing." *United States v. Mohamed*, 459 F.3d 979, 984 (9th Cir. 2006). The Ninth Circuit has held that *Booker* does not operate retroactively, and "does not apply to cases on collateral review where the conviction was final as of the date of *Booker's* publication." *United States v. Cruz*, 423 F.3d 1119, 1121 (9th Cir. 2005). Defendant's conviction here was the year prior to the Supreme Court's decision in *Booker.* Accordingly, defendant is not entitled to relief under 18 U.S.C. § 3582(c)(2), and not entitled to any relief under *Booker.*

Further, the Court cannot modify petitioners' sentences under 18 U.S.C. § 3582()(2). Section 3582(c)(2) allows the district court to modify a sentence where the applicable sentencing range has been lowered by the Sentencing Commission subsequent to the imposition of the sentence. *Booker* did not lower sentencing ranges, nor was *Booker* an action "by the Sentencing Commission"; therefore § 3582(c)(2), by its own terms, does not apply here. *See United States v. Moreno,* 421 F.3d 1217, 1220-21 (11th Cir. 2005).

### Conclusion

Petitioner waived his right to collaterally attack his sentence. Moreover, even if the Court found he had not waived her right to collaterally attack his sentence, *Booker* is not applicable here and defendant is not entitled to any relief.

Based on the foregoing, **IT IS ORDERED** dismissing petitioner's motion to vacate, set

1  aside or correct sentence under 28 U.S.C. § 2255.

2  **IT IS SO ORDERED.**

3  DATED: January 29, 2007

4  _____
   M. James Lorenz
5  United States District Court Judge

6

7  COPY TO:

8  Jose Ramiro Becerra
   Prison No. 82835-198
9  MCC San Diego
   808 Union Street
10 San Diego, CA  92101

11 Richard Cheng
   U.S. Attorney's Office
12 880 Front Street, Room 6293
   San Diego, CA 92101-8893

13